UNITED STATES DISTRICT COURT

DISTRICT OF HAWAIʻI

| | |
|---|---|
| ROMAN GABRIEL CONTRERAS,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | CR. NO. 15-00242 DKW<br>CV. NO. 19-00523 DKW-KJM<br><br>**ORDER (1) DENYING MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE; AND (2) DENYING CERTIFICATE OF APPEALABILITY** |

On September 26, 2019, Petitioner Roman Gabriel Contreras moved to vacate, set aside, or correct his sentence, making numerous arguments as to why his conviction should be vacated, including claims of ineffective assistance of counsel and trial court error. For the reasons discussed below, because the files and records of this case conclusively show that Contreras is not entitled to relief, his motion to vacate is DENIED, as is a certificate of appealability.

## BACKGROUND

### I. Pre-Trial and Trial

On April 8, 2015, a grand jury returned a one-count indictment, charging Contreras with attempting to possess with intent to distribute 500 grams or more of methamphetamine.

On May 4, 2015, Contreras moved to suppress, *inter alia*, evidence seized from him at Lihue Airport on Kauaʻi. Dkt. No. 26. Following three days of hearing, the Court denied the motion. Dkt. No. 52. More specifically, the Court rejected Contreras' arguments that law enforcement lacked probable cause to arrest or search him, or to seize his bags.

On June 29, 2015, Contreras proceeded to trial. On July 6, 2015, a jury found him guilty of the single charge in the indictment. Dkt. Nos. 71, 80, 84. After the preparation of a Presentence Investigation Report (PSR), the Court sentenced Contreras to 240 months' imprisonment and 10 years of supervised release. Dkt. Nos. 94, 96.

## II.   Appeal

On November 4, 2015, Contreras appealed. He argued, *inter alia*, that the Court denied him the opportunity to test the reliability of a narcotics detection canine by limiting the questioning of the canine's handler. Contreras also argued that a search warrant application that resulted in the seizure of methamphetamine from his luggage lacked probable cause. On October 27, 2017, the Ninth Circuit affirmed Contreras' conviction. Dkt. No. 120. In doing so, the Ninth Circuit rejected Contreras' challenge to the denial of his motion to suppress, concluding that (1) law enforcement had reasonable suspicion to stop him at the Lihue airport, (2) law enforcement conducted a reasonable investigatory stop, and (3) law

enforcement had probable cause to arrest him. The Ninth Circuit also concluded that a Magistrate Judge did not clearly err in finding probable cause to issue a search warrant for Contreras' luggage. *Id.*

### III. Section 2255 Petition

On September 26, 2019, Contreras filed the instant motion to vacate, set aside, or correct his sentence pursuant to Section 2255 of Title 28 ("the Section 2255 Motion"). Liberally construing the Section 2255 Motion, Contreras makes the following arguments for vacating his conviction: (1) his counsel was ineffective on numerous occasions, including in the arguments made to suppress evidence, in questioning a witness at trial, and in conducting pre-trial investigations; (2) his search and/or seizure violated the Fourth Amendment; (3) the district court prevented cross-examination of the handler of a narcotics detection canine during suppression proceedings, in violation of the Sixth Amendment; (4) the government abused its power and/or committed perjury in opposing the motion to suppress; (5) the search warrant was not based upon probable cause; and (6) information in the PSR should be corrected.

The government filed a response to the Section 2255 Motion, along with a declaration from Contreras' trial counsel, Clifford Hunt. Dkt. No. 136. On April 27, 2020, Contreras filed a reply. Dkt. No. 139. This Order now follows.

## STANDARD OF REVIEW

Under Section 2255 of Title 28 of the United States Code (Section 2255), "[a] prisoner in custody under sentence of a court established by Act of Congress … may move the court which imposed the sentence to vacate, set aside, or correct the sentence." 28 U.S.C. § 2255(a). The statute authorizes the sentencing court to grant relief if it concludes "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" *Id*.

## DISCUSSION

### I.   Contreras' Claims

The Court addresses each of Contreras' claims in turn.

#### 1.   Ineffective Assistance of Counsel

To prevail on an ineffective assistance claim, a petitioner must establish two elements. First, he must show that counsel's representation fell below an objective standard of reasonableness. *Strickland v. Washington,* 466 U.S. 668, 688 (1984). Second, he must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. In other words, a petitioner must show both that counsel's performance was deficient *and* that the deficiency was prejudicial. *Id*. at 692.

Counsel "is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id*. at 690.  Further, conclusory allegations of ineffective assistance of counsel made with no factual or legal explanation fall well short of stating a cognizable claim for ineffective assistance of counsel.  *See Blackledge v. Allison,* 431 U.S. 63, 74 (1977) ("[P]resentation of conclusory allegations unsupported by specifics is subject to summary dismissal.").

Contreras first asserts that Hunt was ineffective when, during the course of suppression proceedings, Hunt failed to "cohesive[ly]" argue that a positive canine alert cannot provide probable cause to search.  Dkt. No. 127 at 1-2.  This argument, though, appears to be premised upon Contreras' assumption that Hunt conceded that a canine alert alone provided probable cause.  *See id*.  That, however, is inaccurate.  Instead, the motion to suppress reflects that Hunt was merely making a factual statement that, after the canine alerted, Contreras was arrested.  Moreover, throughout the suppression proceedings, Hunt repeatedly asserted that there was a lack of probable cause to search Contreras.  As such, Contreras' first attempt fails to show Hunt's deficient performance.[1]

---

[1] In addition, no attempt is made to explain how Hunt's allegedly substandard performance prejudiced Contreras, particularly in light of the Court's findings in denying the motion to suppress.

Contreras next argues that Hunt failed to ask certain questions of a trial witness about airline employees allegedly smuggling narcotics. Dkt. No. 127 at 2. As an initial matter, the trial record reflects the opposite. After the witness in question mentioned on direct examination that he had "concern about airport employees[,]" 6/30/15 Tr. at 104:4-9 (Dkt. No. 112), Hunt followed-up on cross-examination by asking the witness the nature of that concern. Hunt's cross elicited the response that "you find airport employees to be able to assist in getting drugs through airports or picking them up at airports." A further question from Hunt resulted in the witness confirming that some airport employees were involved in drug trafficking, *id*. at 164:25-165:9. In addition, during closing argument, Hunt reminded the jury about the witness' testimony regarding the potential involvement of airport employees in drug trafficking. 7/6/15 Tr. at 67:14-22, Dkt. No. 114. Against this performance, Contreras does not identify any additional or different questions that he believes Hunt should have asked and offers no explanation for why further questioning was required to satisfy an objective standard of reasonableness.[2] In any event, even if another attorney may have further questioned the witness, Contreras also provides no explanation for how the lack of

---

[2] For example, Hunt may have been content with the level of doubt the witness' testimony created and fearful that further questioning would dispel that doubt. *See Cullen v. Pinholster*, 563 U.S. 170, 196 (2011) (explaining that a court must "affirmatively entertain the range of possible reasons … counsel may have had for proceeding as [he] did[.]").

such questioning prejudiced him, other than through speculation. *See Jackson v. Calderon*, 211 F.3d 1148, 1155 (9th Cir. 2000) (rejecting a claim that counsel's performance was prejudicial, as it was based solely on speculation). As a result, Contreras' second attempt to show that Hunt rendered ineffective assistance fares no better than the first.

Contreras next argues that, in his motion to suppress and during the suppression hearings, Hunt failed to argue that the anonymous tipsters cited by the government in its warrant application should have been held to a higher standard of reliability.[3] Dkt. No. 127 at 2. Again, this is an inaccurate description of the record. The motion to suppress reflects that the *principal* thrust of the same was that two unidentified sources of information, *i.e.*, the tipsters, were not reliable enough to support arresting Contreras with citation to applicable law. *See* Mtn. to Suppress at 5-7, Dkt. No. 26-2 (citing *Illinois v. Gates*, 462 U.S. 213 (1983)). As such, Contreras has failed to show deficient performance in this regard.

Contreras next argues that, after the suppression hearing, Hunt should have asked for all communications from Los Angeles-based law enforcement that

---

[3] In the same paragraph, Contreras also asserts that the government claimed he had a "lengthy criminal history" and "[t]his point was not argued by defense counsel." Dkt. No. 127 at 2. As an initial matter, Contreras does not explain the "point" that Hunt should have argued or how Hunt's purported failure in this regard prejudiced him. Further, later in the Section 2255 Motion, Contreras acknowledges that he has a criminal history, but takes issue with the government's use of the word "lengthy." *See id*. at 5. Hunt's failure to challenge whether Contreras had a lengthy criminal history, as opposed to merely an average or even short criminal history, was entirely irrelevant to anything respecting the motion to suppress.

"could have provided exculpatory evidence." Dkt. No. 127 at 2. Contreras, though, does not identify these supposed communications nor does he explain how they would have been exculpatory. *See id.*; *see also* Dkt. No. 139 at 3. In fact, he appears to have no idea whether any such communications even exist and bases his assertions only on speculation. As a result, for the fourth time, Contreras has failed to show that Hunt rendered ineffective assistance. *See Jackson*, 211 F.3d at 1155.

Finally, Contreras argues that Hunt should have interviewed at least one of the other passengers on his flight from Los Angeles to Lihue and obtained a video from the airport. Dkt. No. 127 at 3. Contreras asserts that a fellow passenger or a video could have corroborated his story or otherwise provided exculpatory evidence. *Id.* Once more, these arguments are based on nothing but speculation. In his reply, Contreras asserts that "eyewitness accounts of when an actual arrest took place would have been highly relevant…." Dkt. No. 139 at 4. "Highly relevant," however, does not mean constitutionally helpful to Contreras. Indeed, Contreras provides no support for the contention that his arrest took place at any time or in any manner other than what the record at the suppression hearing reflected. *See* 6/10/15 Order at 5-7, Dkt. No. 52. As such, Contreras has again failed to show that Hunt was ineffective. *See Jackson*, 211 F.3d at 1155.

## 2. <u>**Fourth Amendment**</u>

As framed in his memorandum supporting the Section 2255 Motion, Contreras' assertion of a Fourth Amendment violation is difficult to comprehend, even when viewed liberally. A little clarity, however, is provided in Contreras' reply. Contreras appears to assert that, although a positive canine alert may provide probable cause to search, it does not provide probable cause to arrest. *See* Dkt. No. 139 at 5-6. Contreras asserts, therefore, that his Fourth Amendment rights were violated by his arrest. *Id*. at 6.

There are several problems with this contention. First, the legal distinction that it appears Contreras is attempting to draw is not supported by the cases on which he relies. Second, on direct appeal, the Ninth Circuit saw it quite differently. Specifically, the Ninth Circuit concluded that, after the canine's alert, there was probable cause to arrest Contreras. Dkt. No. 120 at 3. Third, this Court has already found that there was probable cause to arrest Contreras for reasons that go well beyond the canine alert, 6/10/15 Order at 13-18, and nothing from Contreras' arguments in this regard changes that conclusion.[4] Therefore, this claim too is denied.

---

[4] The Court notes that this claim asserts an issue that could have been (or was) raised on direct appeal. Such claims are, ordinarily, barred on habeas review. *See United States v. Hayes*, 231 F.3d 1132, 1139 (9th Cir. 2000) ("When a defendant has raised a claim and has been given a full and fair opportunity to litigate it on direct appeal, that claim may not be used as basis for a subsequent § 2255 petition."). Nonetheless, because the government does not raise any

### 3. **Sixth Amendment**

Contreras argues that, during the suppression hearing, this Court prevented cross-examination of the handler of the Kauaʻi Police Department's narcotics detection dog. Dkt. No. 127 at 4. This argument, however, was raised on direct appeal and rejected by the Ninth Circuit. *See* Dkt. No. 120 at 3 ("Defense counsel had a meaningful opportunity to call the dog's handler as a witness, which comports with the Supreme Court's guidance that defendants be allowed to challenge the dog's reliability."). Therefore, this claim cannot be raised in this habeas proceeding and is denied. *United States v. Hayes*, 231 F.3d 1132, 1139 (9th Cir. 2000).

### 4. **Government Abuse or Perjury**

Contreras argues that, in opposing the motion to suppress, the government "distort[ed]" the truth, lied, and exaggerated. Dkt. No. 127 at 5. Contreras asserts, for example, that the government misrepresented his criminal history as "lengthy" and misled the Court during the suppression hearing. *Id* at 5-6. The government's use of rhetoric or hyperbole, however, does not constitute prosecutorial abuse or perjury. Moreover, like any hyperbole, purported statements of that ilk played no role in the Court's ruling on the motion to suppress. Rather, the Court's ruling was

---

procedural objection to this claim, *see* Dkt. No. 136 at 13-15, the Court rejects the claim on substantive grounds.

based on the evidence, such as, for example, Contreras' prior criminal history involving drugs, and the law. *See* 6/10/15 Order at 9-13. Put simply, there was no prejudice to Contreras from any of the statements he identifies. *Cf. United States v. Struckman*, 611 F.3d 560, 574-575 (9th Cir. 2010) (stating that a defendant must show prejudice before a court may dismiss an indictment due to prosecutorial misconduct).[5] Therefore, this claim is denied.

### 5. **Search Warrant**

Contreras argues that there was a lack of probable cause to support the search warrant issued by a Magistrate Judge. Dkt. No. 127 at 6-7. This argument, like the one concerning the Sixth Amendment discussed *supra*, however, was raised on direct appeal and rejected by the Ninth Circuit. *See* Dkt. No. 120 at 4 ("The magistrate judge did not clearly err in finding probable cause to issue a warrant for all of Contreras's luggage."). Therefore, this claim cannot be raised in this habeas proceeding and is, thus, denied. *Hayes*, 231 F.3d at 1139.

### 6. **PSR**

Contreras argues that there is information in the PSR that is affecting his security level in prison and his overall assessment of recidivism. Dkt. No. 127 at

---

[5] In fact, given that a three-day hearing was held on the motion to suppress, to the extent the government overstated the evidence in its opposition to the motion, any such overstatement could have been used to Contreras' benefit, as the hearing would have allowed him ample opportunity to demonstrate the government's purported overreach. That never occurred.

7. He asks that this information be removed. *Id.* As the government asserts in its response to the Section 2255 Motion, though, this claim is not a proper subject for relief under Section 2255, as it does not attack the legality of Contreras' conviction or sentence. *See* Dkt. No. 136 at 20; *see also* 28 U.S.C. § 2255(a). Therefore, this claim is denied.[6]

## II.  Evidentiary Hearing

For at least some (if not all) of his claims, Contreras appears to request an evidentiary hearing. Pursuant to Section 2255(b), a court shall grant a prompt hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief…." 28 U.S.C. § 2255(b). As the Court has detailed herein, the record conclusively shows that Contreras is not entitled to the relief he seeks in the Section 2255 Motion. The Court, thus, finds that an evidentiary hearing is not warranted.

## III.  Certificate of Appealability

In denying the Section 2255 Motion, the Court must also address whether Contreras is entitled to a Certificate of Appealability ("COA"). *See* R. 11(a), Rules Governing Section 2255 Proceedings. A COA may issue "only if the applicant has

---

[6] In his reply, Contreras asserts that Hunt failed to say anything about the information Contreras asserts should now be removed from the PSR. Dkt. No. 139 at 8. To the extent this is meant to be another claim of ineffective assistance of counsel, at the very least, Contreras fails to explain how the information affected his sentence and, thus, he fails to show any prejudice of constitutional dimension from Hunt's performance.

made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is met only when the applicant shows that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 483–84 (2000) (internal quotation marks omitted). In light of the findings herein, the Court concludes that reasonable jurists would not debate the resolution of the Section 2255 Motion. Accordingly, the Court DENIES the issuance of a COA.

## **CONCLUSION**

For the foregoing reasons, the Court DENIES the Section 2255 Motion, Dkt. No. 126. In addition, the Court DENIES a COA.

The Clerk is directed to enter Judgment in favor of Respondent, the United States of America, and then close Case No. 19-cv-523 DKW-KJM.

IT IS SO ORDERED.

Dated: May 22, 2020 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

*Contreras v. United States*; CR. NO. 15-00242 DKW, CV. NO. 19-00523 DKW-KJM; **ORDER (1) DENYING MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE; AND (2) DENYING CERTIFICATE OF APPEALABILITY**