IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIM. NO. 15-00242 DKW |
| | ) | |
| Plaintiff, | ) | **FINDINGS AND** |
| | ) | **RECOMMENDATION TO DENY** |
| vs. | ) | **MOTION FOR COMPASSIONATE** |
| | ) | **RELEASE** |
| ROMAN GABRIEL CONTRERAS, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

# FINDINGS AND RECOMMENDATION TO
# DENY MOTION FOR COMPASSIONATE RELEASE

On April 27, 2020, Defendant Roman Gabriel Contreras ("Defendant"), proceeding pro se, filed an Emergency Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 140. Thereafter, the Office of the Public Defender entered an appearance on Defendant's behalf, ECF No. 142, and filed a Memorandum in Support of the Motion. ECF No. 145 (together with ECF No. 140, the "Motion"). The Government filed its opposition to the Motion on May 28, 2020. ECF No. 150 ("Opposition"). Defendant filed a reply memorandum on June 1, 2020. ECF No. 151 ("Reply").

The Court decides this matter without a hearing pursuant to 7.1(c) of the Local Rules of Practice of the United States District Court for the District of

Hawaii, as incorporated by Rule 12.3 of the Criminal Local Rules.

The Court has carefully reviewed all of the information available to it, including the record in this case and the Defendant's medical condition, and for the reasons set forth below, it FINDS AND RECOMMENDS that the district court DENY the Motion.

## DISCUSSION

On October 21, 2015, the district court sentenced Defendant to 240 months imprisonment, followed by ten years of supervised release. ECF No. 94. Defendant's prison term is expected to conclude April 7, 2032. Having served slightly over five years of his sentence, Defendant requests a reduction in sentence to time served on the grounds that COVID-19 creates an extraordinary and compelling circumstance because of his significant health issues. Defendant is incarcerated at FCI Terminal Island, where there is a considerable COVID-19 outbreak, with 615 confirmed cases and 8 deaths. Defendant claims that he suffers from "morbid obesity and chronic hypertension, " that he has contracted COVID-19, and that he is therefore at risk for severe illness or death. ECF No. 145 at

PageID #: 1506-09.  Defendant has provided the Court with his BOP medical records under seal.  ECF Nos. 145, 149.[1]

Defendant argues that he is no longer a threat to society, as demonstrated by his BOP Disciplinary Record (which contains no write ups), his successful completion of over twelve education courses, and his employment in the prison laundry department.  ECF No. 145 at PageID #: 1526-27.  Defendant proposes that he reside with his mother, Selia Contreras, in Ontario, California, with GPS tracking if necessary.  *Id.* at PageID #: 1527.

Under 18 U.S.C. § 3582(c)(1)(A), "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf," a court may reduce such defendant's sentence if it finds that "extraordinary and compelling circumstances warrant such a reduction," and that "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A)(i).  The Court must also consider the "factors set forth in section

---

[1] Sealed Exhibit B indicates only that on May 1, 2020, a COVID-19 test was ordered for Defendant to take place by May 4, 2020.  It does not include the test results.  Exhibit C, not filed under seal, indicates "COVID-19 ISOLATION-SYMPTOMS 05-08-2020 1925" and "COVID-19 TEST – POSITIVE CONFRMD 05-08-2020 2033."  ECF No. 145-3 at PageID#: 1534.  The Court has not been provided any other information concerning Defendant's COVID-19 testing, results, symptoms, treatment, or prognosis.

3553(a) to the extent that they are applicable." *Id.* § 3582(c)(1)(A). The Court addresses each of these factors below.

  A. <u>Exhaustion</u>

Defendant argues, and the Government does not dispute, that he has exhausted his administrative remedies. Based upon the record before the Court – which indicates that Defendant filed compassionate release requests with the FCI Terminal Island warden on March 27, 2020 and April 16, 2020 – the Court finds that Defendant has exhausted his administrative remedies.

  B. <u>Extraordinary and Compelling Reasons</u>

Although the Court can only reduce a sentence where there are "extraordinary and compelling reasons" to do so, Congress did not define "extraordinary and compelling." Instead, Congress tasked the Sentencing Commission with identifying the circumstances that are sufficiently extraordinary and compelling to justify a reduction in sentence. 28 U.S.C. § 994(t). The Sentencing Commission, in turn, promulgated the following examples of extraordinary and compelling circumstances within the Application Notes to U.S.S.G. §1B.13:

> **(A) Medical Condition of the Defendant.**
>
>   (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include

4

metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii) The defendant is

(I) suffering from a serious physical or medical condition,

(II) suffering from a serious functional or cognitive impairment, or

(III) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

**(B) Age of the Defendant.** The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

**(C) Family Circumstances.**

(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

**(D) Other Reasons.** As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. §1B.13 application note 1.  Additionally, the defendant must not pose "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."  *Id.* at §1B.13(2).[2]

The Court finds that Defendant's case presents a situation that falls within the examples of extraordinary and compelling circumstances provided by the Sentencing Commission; namely, that he has a serious physical or medical condition that substantially diminishes his ability to provide self-care within the environment of a correctional facility and from which he may not recover.  *See* U.S.S.G. § 1B1.13 cmt. n. 1(A)(ii).  Defendant has a verified medical history of hypertension, obesity, and COVID-19.  Although the Government disputes the degree of Defendant's obesity and does not address his COVID-19 infection, it nevertheless concedes that Defendant's hypertension alone qualifies as an "extraordinary and compelling reason" under 18 U.S.C. 3582(c)(1)(A).  Response at PageID#: 1802, 1806; *see, e.g.*, *United States v. Sawics*, No. 08-CR-287 (ARR), 2020 WL 1815851, at *2 (E.D.N.Y. Apr. 10, 2020) (finding that, where defendant suffered from hypertension at FCI Butner, a site with a significant COVID-19 outbreak, "the risk of serious illness or death that he faces in prison constitutes an extraordinary and compelling reason militating in favor of his release.").

---

[2] The Court separately addresses dangerousness in Section C below.

Accordingly, for purposes of this Motion, the Court finds that Defendant has demonstrated an extraordinary and compelling reason for compassionate release.

### C. Danger to Community

Notwithstanding a finding of an extraordinary and compelling reason, the Court may only grant a reduction in Defendant's sentence if it also determines that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. §1B1.13(2). In considering dangerousness, the Court notes that Defendant's escalating criminal history dates back to 1992 and includes drug and firearm convictions, as well as violent conduct. ECF No. 89.

In 1992, Defendant was convicted in California state court for possession of a controlled substance for sale and carrying a concealed weapon. *Id.* at PageID# 661. Defendant was sentenced to three years of probation for those crimes. *Id.*

In 1998, Defendant was convicted in Hawaii state court for use/place to keep, a crime that included allegations that Defendant slashed his ex-girlfriend's tires, grabbed her by the throat, slapped her, and pushed her to the ground. *Id.* at PageID# 662.[3] At that time, Defendant was found to be in possession of a .30 caliber semi-automatic rifle with a prohibited magazine. *Id.*

---

[3] Defendant's argument in his Reply that he only slashed his girlfriend's tires after she smashed his car's windows with a golf club is not persuasive as to Defendant's purported lack of dangerousness.

In 1999, Defendant was convicted in Hawaii state court for Promoting Dangerous Drugs in the Second Degree for distribution of methamphetamine. *Id.* at PageID# 663. Following this conviction, Defendant's parole was revoked three times, including for absconding. *Id.*

Although it appears that Defendant may be behaving well in prison, when compared to his criminal record – which indicates crimes of increasing seriousness over time and an inability to comply with terms of parole – the Court cannot find that "[D]efendant is not a danger to the safety of any other person or to the community[.]" This finding precludes granting the Motion.

D.  § 3553(a) Factors

Lastly, the Court may only grant a reduction in Defendant's sentence after considering "the factors set forth in 18 U.S.C. § 3553(a)." U.S.S.G. 1B1.13. In the Court's view, consideration of these factors also precludes the requested reduction in sentence. The district court reviewed the § 3553(a) factors at Defendant's sentencing, at which time it noted, in particular, the following:

- The Defendant's 1999 state court conviction for promotion of methamphetamine;

- The amount of methamphetamine at issue in this case – 1193 grams (approximately two and a half pounds) - which was substantially greater

8

than in the 1999 case, indicating that Defendant's involvement in drug trafficking had grown despite his prior conviction;

- The Defendant's criminal history for non-drug offenses includes arrests for robbery, theft, motor vehicle related violations, and domestic violence;

- Defendant's chronic substance abuse issues involving principally marijuana and alcohol;

- The Defendant's considerable financial debt, with no apparent ability to pay, which combined with Defendant's limited employment history, suggests an increased risk of recidivism; and

- Defendant's failure to express remorse or accept responsibility for his offenses.

*See* October 21, 2015 Transcript of Proceedings, ECF No. 115, at 10-11. These factors weigh against any reduction in sentence. In addition, the "length of the remaining sentence is an additional factor to consider in any compassionate release analysis." *United States v. Connell*, Case No. 18-cr-00281-RS-1, 2020 WL 2315858, at *2 (N.D. Cal. May 8, 2020). Defendant has served only about 62 months his 240-month sentence. That he has the majority of his sentence remaining also counsels against granting the instant Motion. Based upon the foregoing, the Court finds that the § 3553(a) factors require denial of the Motion.

9

## CONCLUSION

Based on the foregoing analysis, and pursuant to pursuant to 28 U.S.C. § 636(b)(1)(B), this Court FIND AND RECOMMENDS that the district court DENY Defendant's Motion.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, June 5, 2020.



Kenneth J. Mansfield
United States Magistrate Judge

*United States of America v. Contreras*, Crim. No. 15-00242 DKW; Findings and Recommendation to Deny Motion for Compassionate Release