IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| UNITED STATES OF AMERICA, Plaintiff, v. ROMAN GABRIEL CONTRERAS, Defendant. | Case No. 15-cr-00242-DKW **ORDER DENYING DEFENDANT ROMAN GABRIEL CONTRERAS' MOTION FOR REDUCTION IN SENTENCE** |
|---|---|

Pursuant to 18 U.S.C. Section 3582(c)(1)(A), Defendant Roman Gabriel Contreras moves for a five-year reduction to his 20-year mandatory minimum sentence, based on "extraordinary and compelling" reasons recognized by the First Step Act. Contreras principally claims he would no longer be subject to a mandatory minimum sentence if sentenced today and, pursuant to U.S.S.G. Section 1B1.13(6), his 20-year sentence is, in any event, "unusually long." Dkt. No. 155. The government opposes the motion on various grounds. Dkt. No. 162.

For the reasons set forth more fully below, the motion is DENIED. In particular, although it is a necessary component of a Section 3582(c)(1)(A) motion, Contreras spends almost no time discussing the numerous factors under 18 U.S.C. Section 3553(a) that must be considered in weighing whether to reduce a sentence, and no time explaining why the same weigh in his favor. As the Court has

explained in the past when Contreras sought similar relief, these factors clearly do not weigh in favor of a sentence reduction – perhaps the reason Contreras does not make the effort to evaluate them in any material way – and nothing on the current record has altered that conclusion.

## RELEVANT BACKGROUND

On April 8, 2015, a grand jury returned a one-count indictment, charging Contreras with attempting to possess with the intent to distribute 500 grams or more of methamphetamine. Dkt. No. 14. On May 14, 2015, the government filed a 21 U.S.C. Section 851 Special Information, providing notice of its intent to rely on a prior conviction of Contreras in 1999 in order to subject him to increased punishment, including an increased mandatory minimum term of imprisonment. Dkt. No. 35.

On May 4, 2015, Contreras filed a motion to suppress evidence and statements. Dkt. No. 26. Over the course of three days, the Court held hearings on the motion to suppress, which included the receipt of oral testimony from Contreras and various law enforcement officials. Dkt. Nos. 34, 37, 43. On June 10, 2015, the Court denied Contreras' motion to suppress. Dkt. No. 52. In doing so, the Court found, among other things, that, where Contreras' testimony

conflicted with that of law enforcement witnesses, Contreras was not credible and responded to questioning evasively. *Id*. at 3.

On July 6, 2015, a jury found Contreras guilty of attempting to possess with the intent to distribute 500 grams or more of methamphetamine. Dkt. Nos. 80, 84. Thereafter, a draft pre-sentence investigation report (PSR) and a revised PSR were prepared in advance of sentencing. Dkt. Nos. 86, 89. In the revised PSR, Contreras was assigned responsibility for 1.19 kilograms of d-methamphetamine hydrochloride of at least 80 percent purity (aka "ice"). Dkt. No. 89 at ¶¶ 18-19. Contreras was awarded a two-point increase in his base offense level for willfully attempting to obstruct or impede the administration of justice during the prosecution of his offense—specifically, during the hearing on the motion to suppress. *Id*. at ¶ 23. He also did not receive any points reduction for acceptance of responsibility, having failed to make any such acceptance. *Id*. at ¶ 26.

The revised PSR next assigned Contreras a criminal history category of III, after scoring a total of six criminal history points resulting from two prior sentences. *Id*. at ¶¶ 32-34. First, Contreras received three criminal history points for an arrest in June 1998 and subsequent five-year sentence for violation of Hawaiʻi's "place to keep" law after a semi-automatic rifle and magazine were found in his vehicle. *Id*. at ¶ 32. Second, Contreras received three further

criminal history points for an arrest in August 1999 and subsequent 10-year sentence for "promoting a dangerous drug" after he was found with 27.4 grams of methamphetamine in his possession. *Id*. at ¶ 33. The revised PSR further reported that, in October 2004, Contreras was paroled. In January 2007, he absconded, resulting in the revocation of his parole approximately a year later. In August 2008, Contreras was paroled again. In May 2009, a violation report noted that Contreras had failed to enter drug treatment, consumed alcohol, failed to obtain employment, and used a controlled substance. Contreras was, nonetheless, allowed to continue on parole in order to enroll in a drug treatment program. However, in June 2009, another probation violation report was filed, again alleging that Contreras had failed both to enter drug treatment and obtain employment. Although Contreras admitted to using methamphetamine, no further action appears to have been taken. *Id*.

In light of the Special Information filed by the government and Contreras' crime of conviction, at the time of sentencing, he was subject to a mandatory minimum term of imprisonment of 20 years. *Id*. at ¶¶ 73-74; *see also* 21 U.S.C. § 841(b)(1)(A) (2015). With a total offense level of 36 and a criminal history category of III, the guideline imprisonment range would have been 235 to 293

months.  Dkt. No. 89 at ¶ 75.  However, due to the mandatory minimum sentence, the guideline range became 240 to 293 months.  *Id*.

The revised PSR further reported that Contreras had a limited employment history and financial liabilities totaling more than $225,000, the vast majority of which involved medical debts and educational loans.  *Id*. at ¶¶ 69-72.  The revised PSR also reported, with respect to Contreras' physical condition, that he had suffered from a chronic staph infection since 1997, he weighed 350 pounds, and was diagnosed with hypertension in 2015.  *Id*. at ¶¶ 57-60.

No objections were filed to either the draft PSR or the revised PSR.  Dkt. Nos. 87-88, 90.

On October 21, 2015, Contreras was sentenced to 240 months' imprisonment and 10 years of supervised release.  Dkt. Nos. 94, 96.  At sentencing, with there being no objections to the revised PSR, the Court adopted the same without change.  Dkt. No. 97; Dkt. No. 115 at 2:9-3:8.  There was also no objection to the validity or sentencing effect of Contreras' 1999 conviction.  Dkt. No. 115 at 3:14-17.  Contreras' counsel agreed, under the circumstances, that a sentence of 240 months' imprisonment was "sufficient and not greater than

necessary in this case."  *Id*. at 6:22-23.  In allocution, Contreras stated that he was "sorry" for what had happened.  *Id*. at 8:17-18.

In pronouncing sentence, the Court observed that, in aggravation, Contreras had a long-standing involvement with and promotion of drugs, he had not been deterred by his 1999 conviction that also involved methamphetamine, he was responsible for substantially more methamphetamine in this case, his parole had been revoked in California, he had numerous other arrests, he had chronic substance abuse issues, he had considerable financial debt and limited employment history suggesting that recidivism was a real risk, and, other than his "limited comments" in allocution, he had never expressed remorse or accepted responsibility for his conduct.  *Id*. at 9:18-11:15.  Despite the Court noting that "there's not much there" in mitigation, *id*. at 11:16, the Court imposed the mandatory minimum sentence of 240 months' imprisonment and 10 years of supervised release.  *Id*. at 11:22-12:2, 13:24-25.

On November 4, 2015, Contreras appealed.  Dkt. No. 102.  On October 27, 2017, the Ninth Circuit Court of Appeals affirmed Contreras' conviction.  Dkt. No. 120.  The only issue raised on appeal concerned the denial of the motion to

suppress, with the Ninth Circuit concluding that this Court had not erred in denying the same.

On September 26, 2019, Contreras filed a motion to vacate his conviction pursuant to 28 U.S.C. Section 2255. Dkt. Nos. 126-127. Therein, Contreras, again, largely challenged matters concerning the motion to suppress, and also asserted that information in the revised PSR concerning an alleged incident of "domestic violence" should be corrected because it was "having an effect" on his "security level" in prison. Dkt. No. 127 at 7. On May 22, 2020, the Court denied the motion to vacate, rejecting the challenges to the denial of the motion to suppress and finding that the claim concerning information in the revised PSR was not properly brought in a motion under Section 2255 because it did not challenge the legality of Contreras' sentence. Dkt. No. 148.

On April 27, 2020, Contreras filed a pro se motion for compassionate release under Section 3582(c)(1)(A), requesting that he be resentenced to "home confinement" because his "obes[ity]" placed him at "high risk" of contracting the coronavirus. Dkt. No. 140 at 2. On May 20, 2020, represented by counsel, Contreras filed a supplement to the motion for compassionate release, asserting, *inter alia*, that Contreras had contracted the coronavirus, he had a "high risk" of severe illness or death, and the Section 3553(a) factors favored his release from

prison. Dkt. No. 145. On June 5, 2020, the assigned U.S. Magistrate Judge recommended denying the motion for compassionate release. Dkt. No. 152. On July 6, 2020, this Court adopted the Magistrate Judge's recommendation and denied the motion for compassionate release. Dkt. No. 154. In doing so, the Court detailed how the Section 3553(a) factors "strongly" weighed against releasing Contreras. First, the Court found that Contreras' "history and characteristics"—a methamphetamine conviction in 1999, his revocation of parole for absconding, his commission of the offense in this case involving substantially more methamphetamine than in 1999, and his failure to accept responsibility for the instant offense—weighed against release, even when considered in light of his alleged conduct while incarcerated. Second, the "need for the sentence imposed" did not support Contreras' release because he had been convicted of a "serious" drug offense involving over a kilogram of ice, requiring both deterrence and protection of the public from further crimes, particularly in light of the "real" risk Contreras might recidivate. Third, the Court found that the "sentences available" for the instant offense weighed in favor of Contreras' 20-year sentence not only because that was the mandatory minimum sentence, but also because, even without the mandatory minimum, the guideline sentencing range was 235 to 293 months imprisonment. Finally, the Court found that releasing Contreras only 62 months

8

into his 240-month imprisonment term would result in a "sentencing disparity" with defendants in a similar situation. Contreras did not appeal the denial of his motion for compassionate release.

Instead, on March 21, 2025, Contreras, proceeding without counsel, filed the pending motion for reduction in sentence under Section 3582(c)(1)(A). Dkt. No. 155. Contreras argues that, pursuant to the First Step Act, if he was sentenced today, he would not be subject to a mandatory minimum sentence of 20 years' imprisonment, and, pursuant to U.S.S.G. Section 1B1.13(6), his 20-year sentence should be reduced because it is "unusually long." Contreras also asserts that unspecified "reviews and studies" exist concerning the sentencing of defendants, and he has taken "programs" while incarcerated. *Id*. at 5-6. The government opposes the motion for reduction in sentence, arguing that, while today Contreras would not be subject to a sentencing enhancement under Section 851, his 20-year sentence is not "unusually long" and supported by the Section 3553(a) factors. Dkt. No. 162. In reply, Dkt. No. 164, Contreras appears to add new arguments challenging the revised PSR's criminal history findings, the two-level increase to his offense level for obstruction, and the awarding of criminal history points for offenses in 1998 and 1999. Contreras further asserts that his efforts at rehabilitation "continue", and he has a "low" chance of recidivism. He also

9

contradicts himself, contending on the one hand that a "guideline sentence" should be imposed while simultaneously requesting resentencing to 15 years' imprisonment, a term below the guideline range. *Id*. at 6, 9. This Order now follows.

## LEGAL STANDARD

Pursuant to Section 3582(c)(1)(A)(i), a court may, after considering the factors set forth in Section 3553(a), modify a term of imprisonment if, upon motion of the Director of the Bureau of Prisons (BOP) or the defendant following exhaustion[1] of administrative rights related thereto, "extraordinary and compelling reasons warrant such a reduction[,]" the defendant is not a danger to the safety of others or the community, and the reduction is consistent with the relevant policy statement of the U.S. Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A)(i); U.S.S.G. § 1B1.13.

As pertinent here, the Sentencing Commission has explained that a court may consider whether a "change in the law" constitutes an "extraordinary and

---

[1] While the government asserts that Contreras has not exhausted administrative remedies, it urges "the Court [to] concern itself with the merits of Defendant's request." Dkt. No. 162 at 7. Although the government is correct that exhaustion is not evident within Contreras' motion for reduction, attached to Contreras' motion for appointment of counsel is an email from Contreras to a Warden at FCI Oxford appearing to state that it is a "formal request" for a reduction in sentence based upon "an intervening change in law." *See* Dkt. No. 156 at 2. The Court finds this sufficient for purposes of exhaustion and thus focuses on the "merits of Defendant's request", as the government requests.

10

compelling reason" for a sentence reduction if "a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment," "but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances." U.S.S.G. § 1B1.13(b)(6).[2]

## DISCUSSION

Almost five years ago, the Court found that the Section 3553(a) factors weighed against releasing Contreras or changing his 20-year term of imprisonment. Today, little has changed, other than the passage of time. Contreras was still convicted of a serious drug offense involving over a kilogram of ice, he still had prior convictions for drug and weapons possession, and he still has never accepted his responsibility for the offense in this case. New to this mix is the unremarkable fact that Contreras has completed "programs" while incarcerated, an expected, not unusual development, and the fact that Contreras received a disciplinary infraction in June 2024 for possessing a hazardous tool, which is definitely not expected. At best, these new matters are a wash, leaving the picture, for purposes of Section

---

[2] The Sentencing Commission did not define the terms "unusually long sentence" or "gross disparity[.]"

11

3553(a), in the same place as five years ago. With that in mind, as more fully set forth below, the Court continues to find that the Section 3553(a) factors support Contreras' 20-year sentence, irrespective of whether he would be subject to a mandatory minimum sentence today.[3]

The reasons are relatively straightforward. Across his briefing, Contreras contends that he should be resentenced to 15 years' imprisonment, "time served," and "an advisory guideline sentence." Dkt. No. 155 at 5-6; Dkt. No. 164 at 9. To the extent one of those options, none of which are consistent, is appropriate, it is the latter. Specifically, assuming Contreras had shown that, if sentenced today, he would not be subject to a mandatory minimum sentence of 20 years, like any other defendant in that position, there would still be a guideline imprisonment range. Here, the range, which was unopposed at sentencing, was 235 to 293 months. In other words, Contreras' current 240-month sentence is still nearly at the very bottom of the applicable guideline range. And, as the Court discussed at sentencing, there is nothing on this record to support a sentence any lower. Specifically, there were numerous aggravating circumstances, and, in mitigation, there was frankly "not much there." Contreras' assertions that, while in prison,

---

[3] It is, thus, unnecessary for the Court to address whether Contreras has shown that "extraordinary and compelling" reasons exist for a sentence reduction under the Sentencing Commission's recent guidance on "unusually long sentences" in Section 1B1.13(6).

his rehabilitation has "continue[d]" and his recidivism risk is low do not change this calculus. Instead, even if true, they are expected. There is simply, therefore, no reason to change the 240-month sentence.

Contreras disagrees, largely raising, for the first time in his reply, challenges to how the guideline range was calculated.[4] These are all misplaced. First, Contreras appears to contend that he was "never convicted" of a "place to keep" offense involving, *inter alia*, the "slashing [of] tires[.]" Dkt. No. 164 at 4. This offense, however, is listed in the revised PSR and resulted in Contreras' conviction and sentence in 1999. Dkt. No. 89 at ¶ 32. His unsupported contention to the contrary is, therefore, not persuasive.

Second, Contreras appears to object to the offense-level increase he received for obstruction of justice. Dkt. No. 164 at 6-7. While the precise nature of the objection is unclear, Contreras arguably contends that, rather than attempting to obstruct justice, he merely made "inaccurate" statements. *See id*. Contreras, though, provides no explanation of how the revised PSR erred in determining the applicability of the obstruction of justice adjustment or how this Court erred in

---

[4] As mentioned earlier, there were no objections to the draft or revised PSRs. There was also no challenge to the calculation of the guideline imprisonment range on appeal or in the motion to vacate under Section 2255. Further, in the motion for reduction in sentence, Contreras acknowledged, again without challenge, that his "guideline range would be 235 to 293". Dkt. No. 155 at 5. Put mildly, therefore, the ship has long since sailed on challenging the guideline imprisonment range.

finding that Contreras was not credible and testified "evasively" during the suppression hearing. There is, therefore, no reason to question this adjustment.

Third, Contreras appears to contend that his criminal history score of six was miscalculated because the same "stems from one sentence" in violation of U.S.S.G. § 4A1.2.[5] Dkt. No. 164 at 8. As mentioned above, Contreras' criminal history score of six was the product of two distinct offenses, each contributing three points: the first being the "place to keep" offense that occurred in 1998, and the second being the promotion of dangerous drugs that occurred in 1999. Although Contreras received sentences for those two offenses on the same date, he was arrested for the former in 1998 "prior to committing" the latter in 1999. *See* U.S.S.G. § 4A1.2(a)(2); Dkt. No. 89 at ¶¶ 32-33. Therefore, these offenses were properly treated and scored separately in the revised PSR.[6]

In summary, Contreras now belatedly raises challenges to the guideline imprisonment range of 235 to 293 months, none of which are remotely legitimate. Contreras' 240-month sentence easily falls both within this broad range and within

---

[5] As relevant here, Section 4A1.2 provides that prior sentences should "always" be treated separately if they "were separated by an intervening arrest (*i.e.*, the defendant is arrested for the first offense prior to committing the second offense). U.S.S.G. § 4A1.2(a)(2).

[6] Contreras also, arguably, challenges paragraph 33 of the revised PSR, stating that it is "not accurate" because his parole was not revoked, and he did not abscond from supervised release. Dkt. No. 164 at 4-5. Whether or not Contreras' parole was revoked or he absconded, however, played no role in the calculation of, and, thus, would not affect, the guideline imprisonment range.

the *low-end* of the same.  Having once again considered all of the facts and circumstances of this case, both those present at sentencing and those Contreras asserts have developed in the years since, the Court finds that, under Section 3553(a), a 240-month sentence is sufficient, but not greater than necessary, to achieve the statute's sentencing purposes.  The motion for reduction in sentence, Dkt. No. 155, is, therefore, DENIED.

IT IS SO ORDERED.

DATED: May 28, 2025 at Honolulu, Hawaiʻi.



Derrick K. Watson
Chief United States District Judge

---

United States of America v. Roman Gabriel Contreras; Cr. No. 15-00242 DKW;
**ORDER DENYING DEFENDANT ROMAN GABRIEL CONTRERAS' MOTION FOR REDUCTION IN SENTENCE**